IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KANG HAGGERTY<br>& FETBROYT LLC<br>Plaintiff, | : : : : : | CIVIL ACTION<br>NO. 2:17-cv-1295 |
| v. | : : | |
| BAXTER MCLINDON HAYES, JR<br>and UTILIPATH HOLDINGS, INC.,<br>Defendants. | : : : : | |

**Jones II,  J.**                                                                                         **March 1, 2018**

### MEMORANDUM

**AND NOW**, this 1st day of March, 2018, upon consideration of Baxter McLindon Hayes, Jr. and Utilipath Holdings, Inc.'s, (collectively "Defendants") Counterclaims (Defs.' Countercl.'s, ECF No. 7), Kang Haggerty & Fetbroyt LLC's ("Plaintiff") Motion to Dismiss Defendants' Counterclaims (Pl.'s Mot. Dismiss Defs.' Countercl.'s, ECF No. 15), Defendants' Response in Opposition thereto (Defs.' Resp. Opp'n, ECF No. 22), and the analysis below, Plaintiff's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

I.   **Background**

In a letter agreement dated April 29, 2014, Defendants engaged Plaintiff to represent them in litigation. (Defs.' Countercl.'s, ECF No. 7, ¶ 40). Multiple parties were in need of representation in this particular litigation, some of which requiring separate counsel to avoid conflicts of interest. (Defs.' Countercl.'s, ECF No. 7, ¶ 14). The letter agreement set forth a particular division of labor between all interested parties. (Defs.' Countercl.'s, ECF No. 7, ¶ 15). Plaintiff was to represent its clients, Defendants, and Kutak Rock LLP was to represent the other interested parties of the litigation. (Defs.' Countercl.'s, ECF No. 7, ¶ 15). Plaintiff was contracted to receive one-third of the labor and costs in the representation and Kutak Rock was

1

contracted to receive the remaining labor and costs in the representation. (Defs.' Countercl.'s, ECF No. 7, ¶ 15). Through a series of events, the relationship between Plaintiff and Defendants was severed in March 2015. (Defs.' Countercl.'s, ECF No. 7, ¶ 23). Subsequently, Plaintiff filed its Complaint on March 10, 2016 seeking over $90,000 in legal fees from Defendants. (Pl.'s Compl., ECF No. 1-1).

Defendants allege that while under Plaintiff's representation, Plaintiff failed to perform in accordance with the terms of the letter agreement by not honoring the expressly stated division of labor set between Plaintiff and Kutak Rock. (Defs.' Countercl.'s, ECF No. 7, ¶ 18). Defendants also allege that Plaintiff billed Defendants for hours spent on representation that fell within the confines of work to be completed by Kutak Rock. (Defs.' Countercl.'s, ECF No. 7, ¶ 18). Accordingly, Plaintiff accrued more billable hours and the amount billed to Defendants was above the amount expressly stated in the letter agreement. (Defs.' Countercl.'s, ECF No. 7, ¶ 41). Defendants further allege that in addition to not adhering to the division of labor, Plaintiff created arguably unnecessary litigation disputes that led to approximately $10,000 in fees paid to Plaintiff by Defendants. (Defs.' Countercl.'s, ECF No. 7, ¶¶ 42-43). In Defendants' eyes, these actions by Plaintiff were a material conflict of interest, because Plaintiff divided its interest and loyalty to advance the interest of other parties outside of Defendants. (Defs.' Countercl.'s, ECF No. 7, ¶ 45).

After the parties split in March 2015, Plaintiff failed to properly transition the files from the representation to Defendants' new counsel. (Defs.' Countercl.'s, ECF No. 7, ¶ 28). This lack of communication caused Defendants' new counsel difficulties when resolving matters before the court on a motion. (Defs.' Countercl.'s, ECF No. 7, ¶ 29). The court intervened and assigned

a Court Appointed Special Master at the expense of the parties, which led to Defendants having to pay $9,600. (Defs.' Countercl.'s, ECF No. 7, ¶¶ 31-34).

Defendants filed their Answer, Affirmative Defenses and Counterclaims on April 6, 2017. (Defs.' Countercl.'s, ECF No. 7). Plaintiff now moves to dismiss Counts II and III for Defendants' failure to state a claim upon which relief can be granted. (Pl.'s Mot. Dismiss, ECF No. 15).

## II. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendants are liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a Defendants has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-Defendants-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

"Although the statute of limitations is an affirmative defense, it may be raised in a motion to dismiss where the plaintiff's failure to comply with the limitations period is apparent from the face of the pleadings." *Datto v. Harrison*, 664 F. Supp. 2d 472, 482 (E.D. Pa. 2009); *see also*

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994) (establishing that a statute of limitations may be raised in a motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.

### III. Discussion
#### A. Defendants have failed to plead an Unjust Enrichment Claim in the Alternative of a Breach of Contract Claim

Plaintiff argues that the existence of the letter agreement bars Defendants from making an unjust enrichment claim. Furthermore, Plaintiff argues that Defendants' unjust enrichment claim should not proceed as an argument in the alternative because no facts are alleged to support such claim. Defendants acknowledge that in Pennsylvania, "where there is a valid, enforceable contract that governs the relationship between the parties, a claimant cannot recover under a quasi-contractual theory such as unjust enrichment." *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F.Supp.2d 513, 527 (E.D. Pa.2012). However, Defendants argue that said action should proceed because it has not been demonstrated that there is a valid, enforceable contract. (Defs.' Resp. Opp'n, ECF No. 22, p. 5). For reasons that follow, this Court concludes that Defendants' unjust enrichment claim must be dismissed.

As a preliminary matter, both parties admit to a letter agreement. This Court must determine whether there was a "question as to the validity of the contract in question." *See Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F.Supp.2d 513, 527 (E.D. Pa.2012) (stating "A plaintiff is permitted to plead alternative theories of recovery based on breach of contract and unjust enrichment in cases where there is a 'question as to the validity of the contract in question.'").

4

Defendants direct this Court to its Answer to show that "it is undisputed that the Answer raises multiple defenses attacking the validity and enforceability of the alleged contract between the parties." (Defs.' Resp. Opp'n, ECF No. 22, p. 5). Defendants have raised a number of defenses in their Answer – only one of which, Defendants' twelfth affirmative defense, seemingly questions the validity of the letter agreement. (Defs.' Countercl.'s, ECF No. 7, pp. 7-8). Of the defenses, Defendants allege that Plaintiff is not entitled to relief because of the following: the doctrines of accord and satisfaction, ratification, or consent; the doctrine of setoff; the contract on which Plaintiff relies to assert claims against the Defendants is invalid, illegal, or unenforceable as against Baxter and/or Holdings; breach of the agreement, conflict of interest and/or breach of fiduciary duty; and breach of the covenant of good faith and fair dealing. (Defs.' Countercl.'s, ECF No. 7, pp. 7-8). The majority of Defendants' defenses speak to Plaintiff's actions while in contract; not to the validity of the contract itself. Furthermore, by Defendants' own admission there was a contract in the form of a letter agreement that Plaintiff did not adhere to; hence the breach of contract counterclaim. (Defs.' Countercl.'s, ECF No. 7, ¶¶ 15-19). Only one sentence of boiler plate language in Defendants' pleadings proposes that there was an unenforceable contract. The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court's issue with Defendants pleadings is that there is no factual support to substantiate the argument that there was not an enforceable contract.

Notwithstanding Defendants' one sentence of boilerplate language, this Court is not convinced that there was a dispute as to whether the letter agreement in this case was valid. Defendants fail to allege sufficient facts that would reasonably challenge the letter agreement's validity. Instead, the remaining pleadings sound in a breach of contract, rather than issues of

contract formation. Thus, an unjust enrichment claim as an alternative to the breach of contract claim is not appropriate. As such, Plaintiff's Motion to Dismiss Count II is granted.

### B. Defendants' Breach of Fiduciary Duty Claim is not Barred by the Statute of Limitations

The second issue before this Court is whether Defendants' breach of fiduciary duty claim is barred by the relevant statute of limitations. At the outset, the parties dispute which statute of limitations is applicable to this claim. Plaintiff argues that the statute of limitations for Pennsylvania should apply. (Pl.'s Mot. Dismiss Defs.' Countercl.'s, ECF No. 15, p. 9). Defendants argue that there is a choice of law question between four states that may have a potential interest – Pennsylvania, Florida, North Carolina or Delaware - which this Court can use to settle this matter. (Defs.' Resp. Opp'n, ECF No. 22, p. 6). This Court disagrees.

Because this is a diversity case, and this Court sits in the Eastern District of Pennsylvania, this Court applies the choice of law rules of the forum state, Pennsylvania. *See Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013) (citing *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)). Generally, Pennsylvania courts apply the Pennsylvania statute of limitations, except in cases in which the claim accrued in a foreign jurisdiction. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 n. 3 (3d Cir. 1985). Here, this Court finds no basis to conclude that the contract at issue accrued outside of Pennsylvania. Defendants reached out to Plaintiff, a law firm with its principal place of business in Pennsylvania, for representation. (Pl.'s Compl., ECF No. 1-1, pp. 9-12). Thereafter, the parties executed a letter agreement with a Pennsylvania address. (Pl.'s Compl., ECF No. 1-1, pp. 9-12). Any actions taken by Plaintiff in the course of this matter, that may have conceivably been a breach of fiduciary duty, were based upon that letter agreement, which was executed in

Pennsylvania. Therefore, Defendants' claim for breach of fiduciary duty accrued in Pennsylvania and a two year statute of limitations applies to such claim. 42 Pa. C.S. § 5524(7).

In addition to the applicable statute of limitations, the parties disagree on when the limitation period should have begun to run. It is well established that a claim arising under Pennsylvania law accrues at "the occurrence of the final significant event necessary to make the claim suable." *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.*, 372 F.2d 18, 20 (3d Cir.1966). Plaintiff argues that Defendants' breach of fiduciary duty claim accrued at the moment their representation of Defendants ended in March 2015, thus giving Defendants until March 2017 to file their claim. (Pl.'s Mot. Dismiss Defs.' Countercl.'s, ECF No. 15, p. 7). Plaintiff's argument erroneously assumes that Defendants knew or should have known of the alleged breach of fiduciary duty at the time representation ended.

For this Court to accept Plaintiff's argument and dismiss this claim based on a statute of limitations violation, the violation must be apparent on the face of the Complaint. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994) (establishing that a statute of limitations may be raised in a motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."). Thus, it must be apparent from Defendants' Counterclaims that the breach of fiduciary duty claim accrued at the moment Plaintiff's representation of Defendants ended in March 2015. Defendants' pleadings show otherwise.

Defendants plead that "the Kang Firm purposefully withheld a large number of documents from discovery in the New Spring litigation on the basis of a privilege it knew did not apply, solely to participate in further motion practice, which would generate additional attorney fees for which the Kang firm could bill Baxter and Holdings." (Defs.' Countercl.'s, ECF No. 7, ¶

57). Defendants also plead that "[a]s a result of the Kang firm's breach of fiduciary duty, Baxter and Holdings were forced to pay $9,600 in fees and costs to two different special matters, appointed to resolve different issues." (Defs.' Countercl.'s, ECF No. 7, ¶ 60). Although the time line is not particularly clear, this Court gleans from the following pleadings that "the occurrence of the final significant event necessary to make the claim suable" did not occur until almost a year after the representation ended:

- The disagreement over the amount of fees being charged to Baxter and Holdings was so great that in March 2015, as stated in the previous paragraph, Mr. Kang insisted the Kang Firm could no longer represent Baxter and Holdings and would withdraw. (Defs.' Countercl.'s, ECF No. 7, ¶ 23).
- It has since been discovered that the Kang firm engaged in certain discovery practices that were designed to create unnecessary conflict and motion practice without holding documents on the basis of privilege, when no such privilege existed. (Defs.' Countercl.'s, ECF No. 7, ¶ 26).
- As a result, when discovery motions were filed/renewed nearly a year later, the new counsel could not review or locate the materials that had been withheld (whether properly or improperly) and was unable to resolve any dispute before it had to be addressed by the Court on a motion. (Defs.' Countercl.'s, ECF No. 7, ¶ 29).
- As a result of the Kang firm's intentional conduct in discovery, Baxter incurred fee expenses to two Special Matters, one of which was appointed to resolve certain issues created by the Kang Firm on purpose to create additional conflict in the litigation for its own profit. Baxter and Holdings paid the Special Master for the privilege dispute $9,600. (Defs.' Countercl.'s, ECF No. 7, ¶ 33).

Here, Defendants allege that the final significant event necessary to make the breach of fiduciary duty claim was not March 2015, but nearly a year later when Defendants' new counsel could not retrieve discovery materials from Plaintiff. Plaintiff's actions led to unnecessary conflict and Defendants having to pay a Special Master $9,600. Given this analysis, it is clear that Defendants did not have to file their breach of fiduciary duty counterclaim by March 2017 as Plaintiff contends, but instead, had until March 2018 - two years after discovery was requested

from Plaintiff by the new counsel. Given that Defendants filed their breach of fiduciary duty counterclaim on April 6, 2017, this claim is well within the statute of limitations.

Accordingly, Plaintiff's Motion to Dismiss Count III is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

An appropriate Order follows.

BY THE COURT:

_____
C. Darnell Jones, II  J.