# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KANG HAGGERTY & FETBROYT, LLC, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | No.: 17-cv-1295 |
| | : | |
| BAXTER MCLINDON HAYES, JR., et al., | : | |
|     Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                           **June 1, 2018**

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 43) and Defendants' Memorandum of Law in Opposition thereto (ECF No. 46).[1] For the following reasons, Plaintiff's Motion will be GRANTED.

## I.    BACKGROUND

The procedural posture of this case is well-known to the parties, so the Court provides only a brief recitation of the background pertinent to the instant motion. On March 10, 2016, Kang Haggerty & Fetbroyt LLC ("Plaintiff") initiated the instant action against Baxter McLindon Hayes, Jr. and Utilipath Holdings, Inc. ("Defendants") in the United States District Court for the Middle District of Florida, raising claims of breach of contract (Count I) and unjust enrichment (Count II). (*See* Original Record 5, ECF No. 1; Compl., ECF No. 1-1). The Complaint averred that Hayes, individually and on behalf of Utilipath Holdings, retained Plaintiff to defend Defendants in two separate lawsuits: *Utilipath, LLC v. Baxter McLindon*

---

[1] The Honorable C. Darnell Jones, II referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 47).

*Hayes, Jr., et al.*, Court of Chancery of Delaware, Civil Action No. 9214-VCN ("the Delaware Action"); and *NewSpring Mezzanine Capital Ii, L.P. v. Baxter McLindon Hayes, Jr., et al.*, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 2:14-cv-1706-NIQA ("the Federal Court Action"). (Compl. ¶¶ 8-9, ECF No. 1-1). Plaintiff was also retained to investigate and prosecute any available counterclaims, cross claims, or separate claims in each lawsuit, and to provide professional services related to other matters. (*Id*. ¶¶ 9, 14). Defendant agreed to pay Plaintiff an hourly fee; a contingency fee on any recovery from any counterclaim, cross claim, or separate claim; and "hard costs" incurred in the representation.[2] (*Id*. ¶ 11). Plaintiff expended hundreds of hours of attorney time in defending Defendants in both lawsuits, pursing a counterclaim and cross-claim in the Federal Court Action, and providing services to Defendant in other matters. (*Id*. ¶¶ 15, 17). In March 2015, Plaintiff withdrew from the representation "[a]s a result of irreconcilable conflicts between Plaintiff and Defendant concerning the nature of the representation." (*Id*. ¶ 19). At that time, Defendants had "significant outstanding balances for fees owed" to the Plaintiff. (*Id*. ¶¶ 20-22). On March 22, 2017, the action was transferred to this district on the grounds of *forum non conveniens*. (*See* Original Record 7, ECF No. 1).

On April 6, 2017, Defendants filed an Answer, Affirmative Defenses, and Counterclaim. (Answer, ECF No. 7). Defendants brought claims of breach of contract (Count I), unjust enrichment (Count II), and breach of fiduciary duty (Count III). (*See id*.). In April 2017, Plaintiff filed a Motion to Strike Defendants' Answer, Affirmative Defenses, and Counterclaim (ECF No. 9) and a Motion to Dismiss Defendants' Counterclaims (ECF No. 15) – specifically

---

[2] The Complaint uses "Defendant" and "Defendants" interchangeably, and this Court uses "Defendant" or "Defendants" where the Complaint does. The proposed Amended Complaint seeks to update some uses of "Defendant" to "Defendants." (*See, e.g.*, Prop. Am. Compl. ¶¶ 18, 20, ECF No. 43-1).

Counts II and III. On June 9, 2017, Plaintiff filed a Motion for Partial Summary Judgment. (Mot. for Partial Summary J., ECF No. 24). Defendants opposed each motion. (Resp. to Pl.'s Mot. to Strike, ECF No. 14; Resp. to Pl.'s Mot. to Dismiss, ECF No. 22; Mem. of Law in Opp. to Mot. for Partial Summary J., ECF No. 26).

On January 19, 2018, Plaintiff's Motion to Strike was denied and Plaintiff's Motion for Partial Summary Judgment was denied without prejudice. (Order, ECF No. 31). On March 1, 2018, Plaintiff's Motion to Dismiss was granted in part and denied in part. (Mem., ECF No. 35; Order, ECF No. 36). Specifically, Judge Jones dismissed Defendants' unjust enrichment claim (Count II), but found Defendants' breach of fiduciary duty claim (Count III) could proceed. (Mem. 4-9, ECF No. 35).

On March 15, 2018, Plaintiff filed an Answer and Affirmative Defenses to Defendants' Counterclaims. (Pl.'s Answer, ECF No. 39).

On April 23, 2018, Plaintiff filed the instant Motion for Leave to File Amended Complaint. (Mot. for Leave to File Am. Compl., ECF No. 43). Specifically, Plaintiff seeks leave to file an Amended Complaint to "conform with events that have transpired since the filing of the Complaint" and "seek[] recovery of the contingency fee that is owed" as a result of Defendants' subsequent settlement in the Federal Court Action.[3] (Pl.'s Mem. of Law 2-3, ECF No. 43-2). Defendants filed a Memorandum of Law in Opposition, arguing Plaintiff's Motion should be denied because "the Amendment is an exercise of futility." (Defs.' Mem. in Opp. 5, ECF No. 46).

---

[3] The Federal Court Action was dismissed with prejudice pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure on March 13, 2017, after the initial Complaint was filed. (Order, *Newspring Mezzanine Capital II, L.P. v. Baxter McLindon Hayes, III, et al.*, No. 14-1706 (E.D. Pa. Mar. 13, 2017), ECF No. 352).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that, after an answer has been filed, "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and the Third Circuit has held that "motions to amend pleadings should be liberally granted." Fed. R. Civ. P. 15(a)(2); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). However, leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given the liberal standard of Rule 15(a), the party opposing amendment bears the burden of showing undue delay, bad faith, prejudice, or futility. *E.E.O.C. v. Hussey Copper Ltd.*, No. 08-809, 2009 WL 918298, at *1 (W.D. Pa. Apr. 2, 2009); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007). The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Cureton*, 252 F.3d at 272.

## III.     ANALYSIS

Plaintiff seeks leave to amend the Complaint to "conform with events that have transpired since the filing of the Complaint" and to "seek[] recovery of the contingency fee that it is owed." (Pl.'s Mem. of Law 3, ECF No. 43-2). Defendants argue that amendment would be futile, and suggest that Plaintiff has demonstrated undue delay and bad faith. (Defs.' Mem. in Opp. 5-6, ECF No. 46). For the reasons explained in more detail below, the Court grants Plaintiff's Motion.

### A. Futility

Defendants argue that amendment would be futile because Plaintiff cannot recover the contingency fee requested in the proposed Amended Complaint. (Defs.' Mem. in Opp. 5-6, ECF No. 46). The Court finds that amendment would not be futile.

"Futility" in this context means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012). In assessing futility, the district court applies the same standard of legal sufficiency as a Rule 12(b)(6) motion. *Burlington*, 114 F.3d at 1434. In deciding a motion to dismiss, a court must accept all of the plaintiff's factual allegations as true; similarly, "amendment should be denied when it is 'beyond doubt that the plaintiff can prove no set of facts in support of his [new] claim[s] which would entitle him to relief.'" *Richetta v. Stanley Fastening Sys., L.P.*, No. 07-3814, 2008 WL 11366163, at *1 n.1 (E.D. Pa. Dec. 4, 2008) (citations omitted). Given the liberal standard for amendment, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Synthes*, 281 F.R.D. at 229 (citation and quotation marks omitted). If the proposed amendment is not "*clearly* futile, then denial of leave to amend is improper." *Id.* (citation and quotation marks omitted) (emphasis in original).

The Court finds that the proposed amendment is not futile. The proposed Amended Complaint merely includes additional factual allegations, and "does not set forth any new causes of action." (*See* Pl.'s Mem. of Law 4, ECF No. 43-2). It avers, *inter alia*, that "Defendants obtained a settlement payment in relation to the counterclaim and/or cross-claim drafted, filed, and defended in the Federal Court Action on their behalf by Plaintiff," continues to assert the same claims for breach of contract and unjust enrichment, and seeks additional damages. (Prop.

Am. Compl. ¶ 25, ECF No. 43-1; *see generally id*.). While Plaintiff and Defendants disagree on whether Plaintiff can recover the additional damages sought in the proposed Amended Complaint (*compare* Pl.'s Mem. of Law 5, ECF No. 43-2 *with* Defs.' Mem. in Opp. 5-6, ECF No. 46), this issue of Plaintiff's ability to recover certain claimed damages is better left to another time. *Cf. Luppino v. Mercedez-Benz USA, LLC*, No. 09-5582, 2014 WL 4474004, at *5 (D.N.J. Sept. 4, 2014) (finding amendment not futile when "the issue of whether [plaintiffs' factual allegation] supports a theory of breach of implied warranty of merchantability is better left after a full explanation of the arguments.").

      **B.**     **Undue Delay**

Defendants also argue that any additional claims raised in the proposed Amended Complaint "were known and could have been asserted previously, when the pleadings were still open" (Defs.' Mem. in Opp. 6, ECF No. 46), suggesting, without explicitly stating, that Plaintiff has demonstrated undue delay. The Court disagrees. Neither the mere passage of time nor delay alone justify denying a motion to amend. *Cureton*, 252 F.3d at 273; *Synthes*, 281 F.R.D. at 225. The question of undue delay requires a court to focus on the movant's reasons for not amending sooner, and whether new information came to light or was available earlier to the moving party. *Cureton*, 252 F.3d at 273; *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004). Although Plaintiff does not disclose when it learned of Defendants' settlement, Plaintiff avers that the Federal Court Action settled after the initial Complaint was filed. (*See* Pl.'s Mem. of Law 2, ECF No. 43-2). Moreover, Defendants only generally allege that Plaintiff could have amended the pleadings "while the pleadings were still open," and fail to specify when Plaintiff could or should have amended the pleadings. Thus, Defendant has not established undue delay.

### C. Bad Faith and Improper Purpose

Defendants also imply, without explicitly stating, that amendment is being sought in bad faith; Defendants claim, "Plaintiff has rushed at every turn to foreclose and cut off access to fulsome discovery and to permit proper time for the Defendants to properly respond to pleadings. It is ironic at best, that now, at the conclusion of the discovery period, that [sic] Plaintiff seeks to reopen the pleadings." (Defs.' Mem. in Opp. 6, ECF No. 46). Defendants' vague reference to Plaintiff's conduct outside the instant motion does not establish bad faith. *See Trueposition, Inc. v. Allen Telecom, Inc.*, No. 01-823, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) ("The scope of the court's inquiry is . . . limited to whether the motion to amend itself is being made in bad faith, not . . . whether conduct outside the motion to amend amounts to bad faith."). Moreover, Defendants have not shown that Plaintiff has sought amendment at this time for any reason other than to, as Plaintiff states, "claim all damages sustained . . . including those that had not yet been incurred at the time the Complaint was filed." (*See* Pl.'s Mem. of Law 5, ECF No. 43-2).

### D. Prejudice

"[P]rejudice to the non-moving party is the touchstone for denial of an amendment." *Luciani v. City of Philadelphia*, 643 F. App'x 109, 111 (3d Cir. 2016). Defendants do not argue that they would be prejudiced by the proposed amendment, and the Court cannot discern any prejudice that Defendants might experience if amendment is permitted.

## IV. CONCLUSION

For the reasons explained herein, Plaintiff's Motion for Leave to File Amended Complaint is granted.

An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE