IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KANG HAGGERTY LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BAXTER MCLINDON HAYES, JR., et al. | : | NO. 17-1295 |

## MEMORANDUM

**Padova, J.**                                                                                                                        **March 29, 2023**

Plaintiff Kang Haggerty LLC ("KH"), a law firm, has brought this breach of contract action against its former clients, Defendants Baxter McLindon Hayes, Jr. and Utilipath Holdings, LLC ("Holdings"), seeking payment for its representation of Hayes and Holdings between April 2014 and March 2015. Hayes and Holdings have filed counterclaims against KH for breach of contract and breach of fiduciary duty, asserting that KH overbilled them and put its financial interests before the interests of its clients. Presently before the Court is KH's Motion for Partial Summary Judgment in which KH seeks the entry of summary judgment in its favor with respect to its breach of contract claim for payment of its unpaid invoices, as well as Hayes's and Holdings' counterclaims. For the reasons that follow, the Motion is granted in part and denied in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

On April 29, 2014, Hayes and Holdings retained KH to represent them alongside Margaret Behringer Maloney, Esquire, of Maloney Legal in connection with <u>NewSpring Mezzanine Capital II, L.P. v. Hayes</u>, Civ. A. No. 14-1706 (E.D. Pa.) and other related lawsuits (the "underlying litigation"), in which Hayes, Holdings, and Hayes's two sons were co-defendants. (<u>See</u> Pl.'s Mot. Ex. A.) KH agreed to represent Hayes and Holdings pursuant to the terms set forth in an

---

[1] The facts underlying the parties' claims in this action are set forth in detail in our previous Memorandum and Order. See <u>Kang Haggerty LLC v. Hayes</u>, Civ. A. No. 17-1295, 2023 WL 1862288, at *1-3 (E.D. Pa. Feb. 9, 2023).

engagement letter dated April 26, 2014 (the "Engagement Letter") and a Joint Defense and Common Interest Agreement (the "JDA"), which provide that KH, Maloney, and counsel for Hayes's sons in the underlying litigation would coordinate their representation of their respective clients for the collective benefit of the clients. (See id.; Defs.' Mot. Ex. H.)

Specifically, the Engagement Letter provides that KH, Maloney, and counsel for the sons would "divide up [the] legal work" associated with the underlying litigation, with KH and Maloney completing approximately one-third of the work and counsel for the sons completing two-thirds of the work. (Pl.'s Mot. Ex. A at 4 of 5.) In addition, "costs would be shared 1/3 by [Hayes and Holdings] and 2/3 by [Hayes's] sons." (Id.) The JDA also provides that (1) counsel for Hayes's sons would "serve as coordinating counsel," and (2) "hard costs incurred for the benefit of [Hayes, Holdings, and Hayes's sons]" would be shared two-thirds by the sons and one-third by Hayes and Holdings. (Defs.' Mot. Ex. H ¶ 8.) Based on these contractual terms, the parties now dispute what fees and costs KH is owed. KH argues in its breach of contract claim that it is entitled to payment for all of the work it performed for Hayes and Holdings in the underlying litigation. Hayes and Holdings counterclaim that KH is entitled to only one-third of the total expenses incurred in the underlying litigation.

On February 9, 2023, we issued an Order and Memorandum resolving Hayes's and Holdings' earlier-filed Motion for Partial Summary Judgment in which they sought the entry of summary judgment in their favor on KH's breach of contract claims. See Kang Haggerty LLC v. Hayes, Civ. A. No. 17-1295, 2023 WL 1862288 (E.D. Pa. Feb. 9, 2023). In that Memorandum, which sets forth more fully the circumstances surrounding the parties' disputes, we concluded, inter alia, that the Engagement Letter contains a latent ambiguity which precludes the entry of summary judgment on KH's breach of contract claims. Id. at *5. Specifically, we found that the

Engagement Letter is ambiguous as to whether Hayes's and Holdings' payment obligation is limited to one-third of the total expenses incurred in the underlying litigation. Id. at *4-5. Thus, we denied summary judgment on KH's breach of contract claims and allowed this action to proceed with respect to the following: (1) KH's breach of contract claim for payment of its unpaid invoices; (2) KH's breach of contract claim for payment of the quantum meruit value of its work; and (3) Hayes's and Holdings' counterclaims for breach of contract and breach of fiduciary duty. Id. at *10. KH now moves for the entry of summary judgment in its favor on its breach of contract claim for payment of its unpaid invoices, as well as Hayes's and Holdings' counterclaims for breach of contract and breach of fiduciary duty.

**II.      LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court" that "there is an absence of evidence to support the nonmoving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response "must support the

assertion [that a fact is genuinely disputed] by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials [that the moving party has] cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the nonmoving party fails to respond with a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In ruling on a summary judgment motion, we "construe the evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion." Jacobs v. Cumberland Cnty., 8 F.4th 187, 192 (3d Cir. 2021) (citing Bland v. City of Newark, 900 F.3d 77, 83 (3d Cir. 2018)).

### III. DISCUSSION

#### A. Breach of Contract

KH moves for summary judgment on its breach of contract claim for payment of its unpaid invoices and on Hayes's and Holdings' breach of contract counterclaim. KH argues that it is entitled to the entry of summary judgment in its favor on its breach of contract claim, despite our prior holding that a latent ambiguity precludes the entry of summary judgment on that claim, because it maintains that the record clearly shows that it seeks payment of no more than one-third of the total expenses associated with the underlying litigation. Thus, KH argues, even if we resolve the latent ambiguity contained in the Engagement Letter and the JDA in favor of Hayes and Holdings—and find that Hayes and Holdings are responsible for only one-third of the total litigation expenses—then KH is still entitled to the payment of its unpaid invoices. Moreover, KH argues that it is entitled to the entry of summary judgment on Hayes's and Holdings' counterclaim for breach of contract because Hayes and Holdings cannot establish that KH either overcharged them under the terms of the Engagement Letter or breached the agreement by

completing more than one-third of the legal work in the underlying suit.

Hayes and Holdings, however, have submitted a declaration and emails authored by Hayes to demonstrate that KH has billed them for more than its one-third share of the litigation expenses and completed more than one-third of the legal work associated with the underlying litigation. (See, e.g., Defs.' Resp. (Docket No. 138) Hayes Decl. ¶¶ 12-15 and Exs. F, H, I.) While KH argues that this evidence does not demonstrate the existence of a genuine issue of material fact because Hayes's self-serving statements are unsupported by any other evidence, the United States Court of Appeals for the Third Circuit has made clear that "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment." Paladino v. Newsome, 885 F.3d 203, 209 (3d Cir. 2018) (quoting Lupyan v. Corinthian Colleges, Inc., 761 F.3d 314, 320 (3d Cir. 2014)). "This is true even where, as here, the information is self-serving." Id. (citing Lupyan, 761 F.3d at 321 n.2). Thus, a genuine issue of material fact remains at this stage as to whether KH completed more than one-third of the work in the underlying litigation and whether it seeks payment of more than one-third of the total expenses associated with that litigation. These issues preclude the entry of summary judgment in favor of KH on its breach of contract claim for payment of its unpaid invoices and Hayes's and Holdings' counterclaim for breach of contract. See Kang Haggerty LLC, 2023 WL 1862288, at *3-5. KH's Motion is therefore denied insofar as it seeks summary judgment on those claims.

B.      Breach of Fiduciary Duty

KH also seeks the entry of summary judgment in its favor on Hayes's and Holdings' counterclaim for breach of fiduciary duty, in which Hayes and Holdings assert that KH put its financial interests before the interests of its clients throughout the underlying litigation. "An

attorney owes a fiduciary duty to his client which 'demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest . . . .'" Reis v. Barley, Snyder, Senft & Cohen LLC, 667 F. Supp. 2d 471, 488 (E.D. Pa. 2009), aff'd, 426 F. App'x 79 (3d Cir. 2011) (quoting Maritrans GP Inc. v. Pepper, Hamilton & Scheetz, 602 A.2d 1277, 1283 (Pa. 1992)). To succeed on such a claim for a breach of a fiduciary duty, the plaintiff must prove that: (1) "the defendant negligently or intentionally failed to act in good faith and solely for the benefit of [the] plaintiff in all matters for which he or she was employed;" (2) "the plaintiff suffered injury;" and (3) "the agent's failure to act solely for the plaintiff's benefit . . . was a real factor in bring[ing] about [the] plaintiff's injuries." McDermott v. Party City Corp., 11 F. Supp. 2d 612, 626 n.18 (E.D. Pa. 1998) (second alteration in original) (quotation omitted).

Hayes and Holdings assert in their Counterclaims that KH breached its fiduciary duty to them and failed to act solely for their benefit by engaging in a discovery dispute in the underlying litigation that required the appointment of a special master for its resolution.[2] (See Defs.' Countercls. (Docket No. 63) at ¶¶ 57-60.) In support of this counterclaim, Hayes and Holdings have submitted the special master's "Application for Counsel Fees and Costs," which shows that the special master allocated to Hayes and Holdings the highest proportion of his expenses, "based on an analysis of the discovery disputes . . . , the origin and responsibility for those disputes, the validity of the various requests for discovery and related responses or objections, and the distribution of the Special Master's time in addressing the various disputes." (Defs.' Mot. Ex. W (Part 1) at ¶¶ 5-6.) The Application notes, however, that the allocation of expenses "is not intended to sanction any party or represent an assessment of wrongdoing by any party." (Id. at ¶

---

[2] Hayes and Holdings do not directly respond to KH's Motion insofar as it moves for summary judgment on their breach of fiduciary duty claim.

6.)  In addition, with their Response to the instant Motion, Hayes and Holdings submit attorney Margaret Maloney's statement that opposing counsel in the underlying litigation "complained that some of the Motion practice generated by [KH] was friviolous."  (Defs.' Resp. Maloney Decl. ¶ 17.)

This evidence shows that KH engaged in a discovery dispute in the underlying litigation, but it does not establish that KH "negligently or intentionally failed to act in good faith" and solely for Hayes's and Holdings' benefit in engaging in that dispute, because neither the special master's Application nor Maloney's statement say anything of KH's care or intent in filing the disputed motions.  See McDermott, 11 F. Supp. 2d at 626 n.18 (quotation omitted).  The record is clear, therefore, that Hayes and Holdings have failed to establish the first element of a claim for breach of fiduciary duty.  Accordingly, we conclude that there is an absence of evidence to support Hayes's and Holdings' counterclaim for breach of fiduciary duty, and we therefore grant KH's Motion insofar as it moves for summary judgment on that claim.[3]  Celotex Corp., 477 U.S. at 325.

## IV.    CONCLUSION

For the foregoing reasons, KH's Motion for Partial Summary Judgment is granted insofar

---

[3] To the extent that Hayes and Holdings might be seeking to proceed on their breach of fiduciary duty counterclaim on the same bases that they assert in their breach of contract counterclaim, i.e., KH overbilled them by completing more than one-third of the legal work in the underlying litigation, their breach of fiduciary duty claim collapses into their breach of contract claim pursuant to the "gist of the action" doctrine.  (See Countercls. ¶¶ 61-68); see also Downs v. Andrews, 639 F. App'x 816, 819 (3d Cir. 2016) ("The gist of the action doctrine provides that a tort claim 'based on [a] party's actions undertaken in . . . carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action . . . is, in actuality, a claim against the party for breach of its contractual obligations.'" (first alteration in original) (quoting Bruno v. Erie Ins. Co., 106 A.3d 48, 53 (Pa. 2014))); First Nonprofit Ins. Co. v. Meenan Oil LLC, 462 F. Supp. 3d 537, 544-45 (E.D. Pa. 2020) ("[I]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract . . . then the claim is to be viewed as one for breach of contract." (quoting Bruno, 106 A.3d at 68)).  Thus, Hayes's and Holdings' assertions that KH breached its contractual obligations cannot support their claim for breach of fiduciary duty.

as it seeks the entry of summary judgment in its favor on Hayes's and Holdings' counterclaim for breach of fiduciary duty.  The Motion is denied in all other respects.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.